IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. C-09-268(5) |
| | § | |
| EVERARDO MARROQUIN | § | |

## ORDER DISQUALIFYING COUNSEL AND SETTING HEARING

### Background

Pending is the government's motion for a hearing regarding joint representation (D.E. 77).  The matter was referred to undersigned United States Magistrate Judge.  A hearing was held on June 1, 2009.

Attorney Eduardo Jaime earlier represented co-defendant Jose Garza.  According to government's counsel, all charges against Mr. Garza were dismissed without prejudice based upon information supplied to her by Mr. Jaime.  Government's counsel stated she intends to re-file charges against defendant Garza if the government should learn, from any sources including the defendants in this case, that Mr. Garza was involved in the conspiracy.

Mr. Jaime has now entered a notice of appearance on behalf of defendant Everardo Marroquin.  Mr. Jaime appeared at the June 1, 2009 hearing and stated that his client, Mr. Marroquin, was ready and willing to waive any conflict of interest.  Mr. Jaime has presented no waiver of conflict by defendant Garza, who, according to Mr. Jaime, has returned to Mexico.

**<u>Discussion</u>**

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI; <u>accord</u> <u>Wheat v. United States</u>, 486 U.S. 153, 158 (1988).  This Sixth Amendment right further guarantees that a criminal defendant will be appointed an attorney if that person is unable to afford to hire an attorney.  <u>Gideon v. Wainwright</u>, 372 U.S. 335, 343-45 (1963).

When a court is on notice that a possible conflict of interest exists in the representation of a criminal defendant by a specific attorney, it must take adequate steps to safeguard against any conflict developing.  <u>See</u> <u>Wheat</u>, 486 U.S. at 160.  "Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation." <u>Id.</u>  Indeed, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  <u>Id.</u>; <u>accord</u> <u>United States v. Vazquez</u>, 995 F.2d 40, 42 (5th Cir. 1993) (per curiam).

The Fifth Circuit, reviewing a conflict in hindsight, determined that "if a criminal defendant is represented at trial by an attorney, either appointed or retained, who labors under an actual, and not merely a potential, conflict of interest, the defendant has been denied effective assistance of counsel as a matter of law."  <u>United States v. Martinez</u>, 630 F.2d 361, 362 (5th Cir. 1980).  Moreover, prejudice need not be shown.  <u>Id.</u>; <u>United States v. Newell</u>, 315 U.S. 510, 516 (5th Cir. 2002).

2

An attorney who has represented one defendant and then seeks to represent another co-defendant in a criminal matter has a conflict of interest.  See United States v. Benavides, 664 F.2d 1255, 1259 n.6 (5th Cir. 1982) (discussing a number of cases addressing conflicts of interest).  "A lawyer places himself in an impossible situation when the defense of one client is perforce to the detriment of another client."  Newell, 315 F.3d at 516.  As the Fifth Circuit further explained in Newell:

> When multiple representation exists, the source and consequences of the ethical problem are straightforward: "counsel represents two clients with competing interests and is torn between two duties. Counsel can properly turn in no direction.  He must fail one or do nothing and fail both."

Id. (citation omitted).

In Wheat, the Supreme Court explained the difficulties of determining whether an actual conflict will pose a prejudice to criminal defendants:

> [A] district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly.  The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.

486 U.S. at 162-63.  Accordingly, the Supreme Court determined that "the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the

more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  Id. at 163; accord Vazquez, 995 F.2d at 42.

Here, defendant Marroquin may be in possession of information about defendant Garza that could be used to obtain an indictment and conviction against Garza, and a reduced sentence for Mr. Marroquin.  If true, Mr. Jaime would have to compromise his representation of one of the two clients to help the other.  Moreover, government's counsel has indicated that she might subpoena Mr. Garza to testify against one or more co-defendants.  If so, Mr. Jaime would again be faced with compromising his representation of one client to help the other.

It is well established that the Sixth Amendment does not afford a criminal defendant an absolute right to his chosen counsel.  See Wheat, 486 U.S. at 159 ("The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects."); United States v. Izydore, 167 F.3d 213, 220 (5th Cir. 1999) ("the right to counsel of choice is not an unfettered privilege"); United States v. Hughey, 147 F.3d 423, 428 (5th Cir. 1998) ("the Sixth Amendment simply does not provide an inexorable right to representation by a criminal defendant's preferred lawyer"); Neal v. Texas, 870 F.2d 312, 315 (5th Cir. 1989) ("there is no constitutional right to representation by a particular attorney").  Not only the rights of the criminal defendant must be protected, but the integrity of the judicial process must be safeguarded.  Again, as the criminal prosecution is in its early stages, it is best to eliminate the conflict of interest now so that it does not taint the proceedings in the future.  Indeed, removal now ensures that the defendant will receive fair representation and a fair trial.  See Wheat, 486 U.S. at

4

159 ("while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers"); accord Izydore, 167 F.3d at 220.

## CONCLUSION

It is hereby ORDERED that Mr. Jaime's representation of Everardo Marroquin be terminated due to the conflict of interest arising from his prior representation of co-defendant Jose Garza.  No decision is made as to Mr. Jaime's continued representation of Mr. Garza because that matter was not referred to undersigned.

Because of the approaching final pretrial conference date of June 25, 2009, if attorney Jaime intends to request reconsideration or appeal this matter to the District Judge, he must do so no later than Thursday, June 4, 2009, at 3:00 p.m.  A hearing is scheduled for Thursday, June 4, 2009, at 3:00 p.m. in order to determine whether defendant Marroquin is going to hire new counsel or request a court-appointed lawyer. Attorney Jaime shall have no contact with defendant Marroquin unless and until this order is vacated by undersigned or overruled by the District Judge.

ORDERED this 1st day of June, 2009.

_____
 B. JANICE ELLINGTON
 UNITED STATES MAGISTRATE JUDGE